█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN GALLAGHER, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— Judgment of the Supreme Court, Dutchess County, dated October 21, 1965, affirmed, without costs. The judgment dismissed a writ of habeas corpus. On March 3, 1961, relator was arraigned in former County Court, Bronx County, on charges of robbery in the first degree, grand larceny in the first and second degrees, receiving stolen property and violation of subdivision 5-a of section 1897 of the Penal Law as then in effect. He was represented by counsel; entered a plea of not guilty; and was not given the warning required by section 335-b of the Code of Criminal Procedure as then in effect. Thereafter, on November 14, 1961, again represented by counsel, he entered a plea of guilty to the charge of robbery in the first degree. At that time he was given such warning. Relator contends that the absence of the warning at the first mentioned arraignment invalidated the ultimate judgment of conviction, which is the basis for his incarceration. We do not agree. Although section 335-b of the Code of Criminal Procedure, prior to its 1963 amendment (L. 1963, ch. 578, eff. Sept. 1, 1963), stated that the warning required by it was to be given "upon the arraignment of the defendant and before accepting a plea," it has been held that, where the warning was given before acceptance of a guilty plea, mere failure to have given the warning at an earlier arraignment is not ground for the relief sought herein (*People ex rel. Dies* v. *McMann*, 23 A D 2d 613). Such relief should not be granted where no harm or prejudice to defendant has been shown (*People* v. *Porter*, 14 N Y 2d 785). Defendant was apprised of his rights and of the possible consequences of his guilty plea (different or additional punishment) at the critical time, i.e., before acceptance of his plea of guilty (cf. *People ex rel. Colan* v. *La Vallee*, 14 N Y 2d 83, 86, 87). Beldock, P. J., Ughetta and

Christ, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to reverse the judgment and to remand relator to the Supreme Court, Bronx County, for rearraignment and repleading, on the basis of their dissent in *People ex rel. Butler* v. *Fay* (27 A D 2d 663).